IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS N. ORITZ-LOPEZ, GLENDA LIZ BAEZ ACOSTA, et al., **Plaintiff,** v. UNITED STATES OF AMERICA, et al., **Defendant.** | **CIVIL NO.** 13-1527(JAG) |

**OPINION AND ORDER**

Before the Court is the United States' ("Defendant") Motion to Dismiss or, in the alternative, to Transfer Venue. For the reasons stated below, the Court **transfers** this case to the District Court of New Jersey and **denies** the motion to dismiss.

**BACKGROUND**

On July 5, 2013, Plaintiffs Ortiz-Lòpez and Glenda Liz Baez Acosta brought suit in this district against the United States and several of its officers ("Defendants"). Plaintiffs claim that Defendants discriminated against Plaintiff Ortiz-Lòpez due to his national origin as a Puerto Rican during a job interview. Plaintiffs charge Defendants with violations of Title VII of the

Civil Rights Act of 1964 ("Title VII"), the Federal Tort Claims Act ("FTCA"), a deprivation of due process under the Constitution, and other claims. (See Docket No. 3, ¶¶ 2-4).

Defendants now move the Court to dismiss this case for failure to state a claim, or for a transfer of venue to the District of New Jersey. Because Title VII contains specific directives concerning venue that compel a transfer of this case to New Jersey, the Court declines to address Defendants' arguments on the merits.

## ANALYSIS

Actions filed under Title VII "may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice…." 42 U.S.C. 2000e-5(f)(3). If the Title VII claim is brought in an improper venue, the court has discretion either to dismiss the claim or transfer it to a proper district. 28 U.S.C. § 1406(a); see e.g. Dixon v. Brownlee, 313 F.Supp.2d 52 (D.P.R. 2004)(granting defendant's motion to transfer venue when plaintiff failed to satisfy any of the options for venue provided for by 42 U.S.C. 2000e-5(f)(3)).

Defendant correctly contends that Plaintiff's Title VII claims cannot be heard in Puerto Rico. In a nutshell, the job interview that is at the heart of Plaintiffs' claims occurred in New Jersey. Plaintiffs fail to provide a convincing counterargument. The Court finds, therefore, that justice is best served by transferring Plaintiffs' Title VII claims to the district of New Jersey. The question remains whether Plaintiffs' other claims should follow.

This question is answered by 28 U.S.C. § 1404(a). Under this analysis, the court considers both the convenience of the parties and witnesses, as well as the interests of justice. See e.g., Astro-med, Inv. V. Nihon Kohden Am., Inc., 591 F.3d 1, 12 (1st Cir. 2009); Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). Further considerations include the "availability of documents [and] the possibility of consolidation." Coady, 223 F.3d at 11 (citing Cianbro Corp. V. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987)).

When assessing whether the transfer would be more convenient for the parties and witnesses, there is a general desire to hear together those claims arising from the same transaction or occurrence. See Canales v. Univ. of Phoenix, Inc., No. 2:11-CV-00181, 2012 WL 2499019, at *5 (D. Me. June 27, 2012)("It is manifestly more convenient to hold one trial in one

district on similar facts than to hold two trials in two districts."). This factor clearly favors transfer, as all of Plaintiffs' claims stem from the job interview.

On the other hand, when assessing whether the transfer would be in the interests of justice, the court looks to hear "related litigation together, having a judge who is familiar with the applicable law, and the efficient functioning of the courts." Mercado-Salinas v. Bart Enters. Inter., Ltd., 669 F.Supp.2d 176, 189 (D.P.R. 2009). Here, there is no particularly good reason to split this litigation in two. To hear the same facts from the same parties, most of whom live in New Jersey, simultaneously in two distant courts would only sacrifice judicial efficiency and increase litigation costs for everyone involved. In addition, because Plaintiff's tort claims are grounded on New Jersey law, the New Jersey court would have an efficiency advantage due to familiarity when compared to this Court.

## CONCLUSION

In light of the foregoing, the Court hereby **TRANSFERS** all claims to the District Court of New Jersey and **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Civil Case No. 13-1527 (JAG)                                                5

In San Juan, Puerto Rico, this 9th day of June, 2014.

                                            <u>s/ Jay A. Garcia-Gregory</u>
                                            JAY A. GARCIA-GREGORY
                                            United States District Judge